Wu v. Garland

BIA
Wright, IJ
A205 625 717

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-two.

PRESENT:
>       DENNIS JACOBS,
>       RAYMOND J. LOHIER, JR.,
>       JOSEPH F. BIANCO,
>           *Circuit Judges.*

_____

SHICHAI WU,
>       *Petitioner*,

>       v.                                      20-3258
>                                               NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent*.

_____

FOR PETITIONER:          Keith S. Barnett, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director;

Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shichai Wu, a native and citizen of the People's Republic of China, seeks review of an August 31, 2020 decision of the BIA, which affirmed a September 27, 2018 decision of an Immigration Judge ("IJ") denying asylum and withholding of removal. *In re Shichai Wu*, No. A205 625 717 (B.I.A. Aug. 31, 2020), *aff'g* No. A205 625 717 (Immigr. Ct. N.Y.C. Sept. 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008).

Because the BIA did not reach the IJ's adverse credibility determination, that finding is not before us. *See Xue Hong Yang*, 426 F.3d at 522; *see also Lin Zhong v.*

2

*U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the BIA's] decision."). Wu does not challenge the agency's determination that, assuming credibility, he failed to establish a well-founded fear of persecution on account of his religion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (stating that petitioner abandons issues and claims not raised in his brief). That finding was dispositive of asylum and withholding of removal and thus Wu's failure to challenge it is fatal to his petition and we need not reach the agency's alternative finding that his asylum application was untimely. *See id.; see also Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (failure to show fear of persecution required for asylum "necessarily" precludes meeting higher burden for withholding of removal); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court